Case 6:26-cv-01737-GAP-RMN Document 8-1 Filed 08/14/26 Page 1 of 14 PageID 58

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

GOLIATH VENTURES INC. and CHRISTOPHER DELGADO,

Defendants.

Case No. 6:26-cv-01737-GAP-~~PGB~~-NWH

**CONSENT ORDER FOR PERMANENT INJUNCTION AND OTHER STATUTORY AND EQUITABLE RELIEF AGAINST DEFENDANT CHRISTOPHER DELGADO**

## I. INTRODUCTION

On August 11, 2026, Plaintiff Commodity Futures Trading Commission (the "Commission" or "CFTC") filed a Complaint against Defendants Goliath Ventures Inc. ("Goliath") and Christopher Delgado ("Delgado") (collectively, "Defendants") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1–26, and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2025).

## II. CONSENTS AND AGREEMENTS

To effect partial settlement of the matters alleged in the Complaint against Delgado without a trial on the merits or any further judicial proceedings, Delgado:

1. Consents to the entry of this Consent Order for Permanent Injunction and Other Statutory and Equitable Relief Against Defendant Christopher Delgado ("Consent Order");

2. Affirms that he has read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent, or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledges service of the summons and Complaint;

4. Admits the jurisdiction of this Court over him and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act;

6. Admits that venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e);

7. Waives:

(a) Any and all claims that he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2025), relating to, or arising from, this action;

(b) Any and all claims that he may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–253, 110 Stat. 847, 857–74 (codified as amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

(c) Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

(d) Any and all rights of appeal from this Consent Order;

8. Agrees that the Commission is the prevailing party in this action for purposes of the waiver of any and all rights under the Equal Access to Justice Act and the Small Business Regulatory Enforcement Fairness Act of 1996, specified in Paragraph 7 above;

9. Consents to the continued jurisdiction of this Court over him for the purpose of implementing and carrying out the terms and conditions of all orders and decrees, including orders setting the appropriate amounts of restitution, disgorgement, and civil monetary penalty, which may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of the Court, to assure compliance with this Consent Order, and for

Case 6:26-cv-01737-GAP-RMN Document 8-1 Filed 08/14/26 Page 4 of 14 PageID 61

any other purpose relevant to this action, even if Delgado now or in the future resides outside the jurisdiction of this Court;

10. Agrees that he will not oppose enforcement of this Consent Order by alleging that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objection based thereon;

11. Consents to the entry of this Consent Order without admitting the allegations of the Complaint, except (1) as to jurisdiction and venue, which he admits, and (2) as to the facts he admitted in his Plea Agreement in *United States v. Christopher Alexander Delgado*, No. 6:26-cr-158-GAP-NWH (M.D. Fla. June 23, 2026), Dkt. 52, a copy of which is attached as **Exhibit A**, which he also admits as if set forth in this Order;

12. Consents to the use of this Consent Order in this proceeding and in any other proceeding brought by the Commission or to which the Commission is a party or claimant, and agrees that this Consent Order shall be taken as true and correct and be given preclusive effect therein, without further proof;

13. Does not consent, however, to the use of this Consent Order as the sole basis for any other proceeding brought by the Commission or to which the Commission is a party, other than a: statutory disqualification proceeding; proceeding in bankruptcy or receivership; or proceeding to enforce the terms of this Order;

Case 6:26-cv-01737-GAP-RMN Document 8-1 Filed 08/14/26 Page 5 of 14 PageID 62

14. Agrees to provide immediate notice to this Court and the Commission by certified mail, in the manner required by paragraph 28 of Part V of this Consent Order, of any bankruptcy proceeding filed by, or on behalf of, or against him, whether inside or outside the United States;

15. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against him in any other proceeding;

16. Waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure;

17. Consents to pay restitution, plus post-judgment interest, in an amount to be determined upon subsequent consent order or motion by the Commission and/or hearing before this Court;

18. Consents to pay disgorgement, plus post-judgment interest, in an amount to be determined upon subsequent consent order or motion by the Commission and/or hearing before this Court; and

19. Consents to pay a civil monetary penalty, plus post-judgment interest, in an amount to be determined upon subsequent consent order or motion by the Commission and/or hearing before this Court.

## III. PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

20. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Delgado is permanently restrained, enjoined, and prohibited from directly or indirectly, in connection with a contract of sale of any commodity in interstate commerce, intentionally or recklessly: (i) using or employing, or attempting to use or employ, manipulative or deceptive devices or contrivances; (ii) making or attempting to make untrue or misleading statements of material fact or omitting to state a material fact; and/or (iii) engaging or attempting to engage in an act, practice, or course of business, which operates or would operate as a fraud or deceit upon any person, in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1), and Regulation 180.1(a)(1)-(3), 17 C.F.R. § 180.1(a)(1)-(3) (2025).

21. Delgado is also permanently restrained, enjoined, and prohibited from directly or indirectly:

a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

b. entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2025)), for his

own personal account or for any account in which he has a direct or indirect interest;

c. having any commodity interests traded on his behalf;

d. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests or crypto assets that are commodities, including bitcoin or ether;

e. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests or crypto assets that are commodities, including bitcoin or ether;

f. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2025); and/or

g. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2025)), agent, or any other officer or employee, of any person (as that term is defined in 7 U.S.C. § 1a(38)) registered, exempted from registration, or required to be registered with the Commission, except as provided for in 17 C.F.R. § 4.14(a)(9).

## IV. STATUTORY AND EQUITABLE RELIEF

22. Delgado shall pay restitution, plus post-judgment interest, to each defrauded customer.

23. Delgado shall pay disgorgement, plus post-judgment interest, to each defrauded customer.

24. Delgado shall pay a civil monetary penalty, plus post-judgment interest, to each defrauded customer.

25. The Court shall determine the amounts of restitution, disgorgement, and/or civil monetary penalty and the procedures for payment and distribution of such monetary relief by further order upon: motion of the parties submitting to the Court a proposed consent order setting out their agreement on the amounts of restitution, disgorgement, and/or civil monetary penalty to be paid by Delgado in this matter; subsequent motion by the CFTC; and/or hearing before this Court.

26. In connection with any Commission motion for restitution, disgorgement, and/or civil monetary penalties, and at any hearing held on such a motion: (a) Delgado will be precluded from arguing that he did not violate the federal laws as alleged in the Complaint;
(b) Delgado may not challenge the validity of his consents and agreements herein or this Consent Order; (c) solely for the purposes of such motion, the allegations

of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, witness testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for restitution, disgorgement, and/or civil monetary penalties, the parties may take discovery, including discovery from appropriate non-parties.

## V. MISCELLANEOUS PROVISIONS

27. Delgado shall cooperate fully and expeditiously with the Commission, including the Commission's Division of Enforcement, in this action, and in any current or future Commission investigation or administrative matter related to or arising from the subject matter of this action. As part of such cooperation, Delgado shall comply, to the full extent of his abilities, promptly and truthfully with any inquiries or requests for information, including, but not limited to, requests for production of documents and authentication of documents; shall provide assistance at any trial, proceeding, or investigation related to the subject matter of this action, including, but not limited to, requests for investigative or trial testimony, depositions, and/or interviews; and shall

appear in the judicial district in which such actions are pending, or in a suitable judicial district agreed to by the parties, to provide such testimony.

28. Until such time as Delgado satisfies in full the civil monetary penalty, restitution, and/or disgorgement obligations that may be imposed in this action, upon the commencement by or against Delgado of insolvency, receivership, or bankruptcy proceedings, or any other proceedings for the settlement of Delgado's debts, all notices to creditors required to be furnished to the Commission under Title 11 of the United States Code or other applicable law with respect to such insolvency, receivership, bankruptcy, or other proceedings, shall be sent to the address below:

Secretary of the Commission
Office of General Counsel
Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street N.W.
Washington, DC 20581

29. Notice: All notices required to be given by any provision in this Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

Charles Marvine
Deputy Director and Chief of the Retail Fraud and
General Enforcement Task Force
Commodity Futures Trading Commission
Division of Enforcement
2600 Grand Blvd., Suite 210
Kansas City, MO 64108

Case 6:26-cv-01737-GAP-RMN Document 8-1 Filed 08/14/26 Page 11 of 14 PageID 68

Notice to Delgado:

Maurice Johnson, Esq.
Sean Schecter, Esq.
Lewis Brisbois Bisgaard & Smith LLP
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301

All such notices to the Commission shall reference the name and docket number of this action.

30. Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

31. Invalidation: If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

32. Waiver: The failure of any party to this Consent Order or of any customer at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party or customer at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent

Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

33. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action in order to implement and carry out the terms of all orders and decrees, including orders setting the appropriate amounts of restitution, disgorgement, and civil monetary penalty, that may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of the Court, to assure compliance with this Consent Order and for all other purposes relevant to this action, including any motion by Delgado to modify or for relief from the terms of this Consent Order.

34. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon the following persons who receive actual notice of this Consent Order, by personal service or otherwise: (1) Delgado; (2) any officer, agent, servant, employee, or attorney of Delgado; and (3) any other persons who are in active concert or participation with any persons described in subsections (1) and (2) above.

35. Counterparts and Facsimile Execution: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-

mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

36. Delgado understands that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings, he may not challenge the validity of this Consent Order.

37. Agreements and Undertakings: Delgado shall comply with all of the undertakings and agreements set forth in this Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this *Consent Order of Permanent Injunction and Other Statutory and Equitable Relief Against Christopher Delgado.*

**IT IS SO ORDERED** on this 13th day of October, 2026.

[signature]

**UNITED STATES DISTRICT JUDGE**

**CONSENTED TO AND APPROVED BY:**

Christopher Delgado, individually

Date: 8/4/26

*/s/ Anthony C. Biagioli*

Anthony Biagioli
Commodity Futures Trading Commission
2600 Grand Boulevard
Kansas City, MO 64108
816-960-7722
abiagioli@cftc.gov

Date: 8/4/26